IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BARBARA WALKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 5:15-cv-57 (CAR) |
| v. | : | |
| | : | |
| HEALTH SERVICES OF CENTRAL | : | |
| GEORGIA,  INC. and NAVICENT | : | |
| HEALTH, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER ON MOTION TO DISMISS

Before the Court is Defendants Health Services of Central Georgia, Inc. and Navicent Health, Inc.'s ("Defendants") Motion to Dismiss [Doc. 12] seeking the dismissal of Plaintiff Dr. Barbara Walker's ("Plaintiff") Complaint for damages arising from breach of contract, breach of implied contract, promissory estoppel, quantum meruit, unjust enrichment, intentional misrepresentation, negligent misrepresentation, and fraud. Upon review of the pleadings,[1] the arguments of counsel, and the relevant

---

[1] Both parties have attached additional documents outside the pleadings to their Motions. However, the Court finds it unnecessary to consider any evidence outside the pleadings in making its ruling on Defendants' Motion. Therefore, the Court need not convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. *See Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them—there is no more formal step required.").

1

legal authorities, the Court finds the Complaint states a claim for which relief may be granted as to Plaintiff's breach of contract, breach of implied contract, promissory estoppel, quantum meruit, unjust enrichment claims, but it fails to state a claim for her intentional misrepresentation, negligent misrepresentation, and fraud claims. Therefore, Defendants' Motion is hereby **Denied-in-Part** and **Granted-in-Part** [Doc. 12].

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[5]

## BACKGROUND

Plaintiff began working for Defendants in 1997 as a physician in Decatur, Ga. She worked part-time and was paid hourly. In 2011, she discussed with Defendants about

---

[2] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[4] *Id.*
[5] *Twombly*, 550 U.S. at 556.

working full-time in their Family Health Center in Macon, Ga. Plaintiff claims she orally agreed that in exchange for her services, Defendants promised her a full-time employment contract with terms comparable to all similarly-situated peer physicians, which included a base salary of $180,000 a year, in addition to bonus pay and full benefits ("the Oral Contract"). She also claims that she was guaranteed a written employment contract outlining these terms when she started working full-time in 2012. Plaintiff moved her family from Decatur to Macon and began working full time for Defendants in July of 2012.

Plaintiff claims that for the next two years she "performed all conditions, covenants, and promises required on her part in accordance with the Oral Contract."[6] She also claims Defendants gave various "excuses" for the delay and unmet deadlines regarding when she would receive the "written employment contract."[7] Plaintiff further claims that she worked full-time but received no benefits or full time salary in accordance with the terms of the Oral Contract. Although she was paid hourly, she provided "countless hours on and off the clock providing patient care, supervising the residents, and working at other [] related tasks."[8] She finally received a letter confirming that she would receive the written employment contract on or before June 6, 2014.

---

[6] Pl. Amend. Comp. [Doc. 11] at 6.
[7] *Id*. at 5.
[8] *Id*. at 11.

However, a written contract was not presented to Plaintiff until September 24, 2014.[9] In the written contract, it outlined the terms agreed to in the Oral Contract.[10] By this time, however, Plaintiff had already secured other employment. Plaintiff did not sign the contract and did not return to work for Defendants.

## DISCUSSION

### A. CONTRACT CLAIMS

Defendant argues Plaintiff was an at-will employee, and she has merely alleged an agreement to agree on a future salaried position, not an enforceable contract. Plaintiff counters that she had an Oral Contract which Defendant breached by failing to compensate her according to the terms of the Oral Contract for the services she performed. For the reasons stated below, the Court finds at this point in the litigation that Plaintiff has stated a plausible claim for breach of contract.

In Georgia, it is the general rule that an employee cannot sue to enforce future performance of an at-will employment contract and cannot seek damages for breach of that contract.[11] However, an employee "may sue on an oral contract for employment terminable at will for the amount of compensation due [her] based upon services actually performed by [her] up to the time of her discharge."[12] Moreover, part

---

[9] *Id*. at 7.
[10] *Id*. at 7-8.
[11] *E.D. Lacey Mills, Inc. v. Keith*, 183 Ga. App. 357, 360 (1987).
[12] *Hendricks v. Smartvideo Technologies, Inc.*, 511 F. Supp. 2d 1219, 1228 (M.D. Fla. 2007) (quoting *Tart v. IMV Energy Sys. Of Am.*, 374 F. Supp. 2d 1172, 1181 (N.D. Ga. 2005)).

performance of the terms of a contract can be evidence of the acceptance of the terms of the contract.[13] Therefore, in Georgia an at-will employee can recover damages that have accrued under the contract.

Defendants claim Plaintiff has not pled sufficiently particular terms to create an enforceable contract. In analyzing whether an oral contract is sufficiently definite to be enforced, courts look to "whether it is expressed in language sufficiently plain and explicit to convey what the parties agreed upon."[14] Plaintiff claims that according to her discussions with Defendants it was understood that when she started to work full-time she would make a base salary commiserate with all similarly-situated peer physicians, which was $180,000 a year, and included bonus pay and benefits. These allegations are sufficiently definite for her claim to proceed.

Defendants further argue that Georgia's general prohibition against an at-will employee seeking future performance precludes Plaintiff from pursuing her breach of contract claim. However, Plaintiff is not seeking future unearned compensation and benefits, but instead is suing for compensation and benefits that she claims accrued

---

[13] *Id*. at 1227 (citations omitted) (finding that "courts have been willing to enforce unexecuted agreements, and oral agreements, where the parties contemplated that a more formal written contract would be completed in the future.").
[14] *Fay v. Custom One Homes*, LLC, 276 Ga. App. 188, 190 (2005).

during her full-time employment with Defendants.[15] She claims Defendants accepted her full-time performance, told her that her work was valued, and continued to promise her that she would receive a written contract with the terms of the oral contract. Despite these promises, she did not receive a written memorialization of the oral contract and was never compensated for the two years of full-time work she performed pursuant to the Oral Contract. Therefore, because Plaintiff has the right to seek the compensation and benefits she allegedly earned but was not given under the Oral Contract, the Court finds she has stated a plausible breach of contract claim.  The Court further finds that because Plaintiff seeks compensation and benefits that accrued while she was allegedly employed full-time by Defendants, she has alleged sufficient facts to assert promissory estoppel, quantum meruit, and unjust enrichment claims.[16]

### B.  Fraud Claims

Along with her contract and equitable claims, Plaintiff brings claims for fraud, intentional misrepresentation, and negligent misrepresentation. Defendant argues that in Georgia fraud claims cannot be predicated on a future event in the at-will employee context, and therefore must be dismissed. The Court agrees.

---

[15] *See Livermois v. Medical Disposables, Inc.*, 837 F. 2d 1018, 1023 (11th Cir. 1988) (applying Georgia Law).

[16] *See Smartvideo*, 511 F. Supp. 2d at 1228-29; *see also Fay*, 276 Ga. App. at 193 (finding a question of fact regarding the reasonable value of services performed outside the scope of one's job duties).

Under Georgia law, to prove fraud a plaintiff must show: (1) a false representation by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff.[17] In turn, to prove negligent misrepresentation, "a plaintiff must show that (1) the defendant negligently supplied false information to foreseeable persons, known or unknown[;] (2) such persons reasonably relied upon that false information[;] and (3) economic injury proximately resulted from such reliance."[18] In Georgia, all of these claims are controlled by the same analytical principles as fraud.[19]

Fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place; however, fraud cannot be predicated on a promise which is unenforceable at the time it is made.[20] In other words, promises regarding future events are "unenforceable even absent any fraud at the time of their utterance ... because the underlying employment contract, being terminable at will, is unenforceable."[21] Therefore, a fraud claim arising from an at-will employment contract cannot lie in Georgia.

---

[17] *Tart v. IMV Energy Sys. of Am., Inc.*, 374 F. Supp. 2d 1172, 1182 (N.D. Ga. 2005).
[18] *Boeing Co. v. Blane Int'l Group*, 276 Ga. App. 672, 676(3) (2005).
[19] *See Holmes v. Grubman*, 286 Ga. 636, 640-41(1) (2010) ("[T]he only real distinction between negligent misrepresentation and fraud is the absence of the element of knowledge of the falsity of the information disclosed." (punctuation omitted)); *Hightower v. Century 21 Farish Realty*, 214 Ga. App. 522, 524(2) (1994) ("The same principles apply to both fraud and negligent misrepresentation cases.").
[20] *Livermois*, 837 F. 2d at 1023; *see also Smartvideo*, 511 F. Supp. 2d at 1229.
[21] *Alston v. Brown Transp., Corp.*, 182 Ga. App. 632, 632 (1987); *see also Richard A. Naso & Associates, Inc. v. Diffusion*, 194 Ga. App. 201, 203 (1990).

Although the Court recognizes Plaintiff has pled sufficient facts to proceed with a claim of breach of contract for the benefits that allegedly accrued during her employment with Defendants, the same framework does not apply to her fraud claims because when Defendants made the alleged Oral Contract with Plaintiff those rights had not yet vested. Indeed, at the time the Oral Contract was made, Plaintiff was in an at-will employment relationship with Defendants—a relationship that both parties could have terminated at any time. Therefore, Plaintiff's fraud claims predicated on a future promise cannot stand. Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's fraud, intentional misrepresentation, and negligent misrepresentation claims.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 12] is **DENIED-IN-PART** as to Plaintiff's breach of contract, breach of implied contract, promissory estoppel, quantum meruit, and unjust enrichment claims, but **GRANTED-IN-PART** as to Plaintiff's intentional misrepresentation, negligent misrepresentation, and fraud. Therefore, those claims are **DISMISSED with prejudice.**

SO ORDERED, this 3rd day of November, 2012.

S/ C. Ashley Roya  
C. ASHLEY ROYAL,  
UNITED STATES DISTRICT JUDGE
