IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BARBARA WALKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 5:15-cv-57 (CAR) |
| v. | : | |
| | : | |
| HEALTH SERVICES OF CENTRAL GEORGIA, INC. and NAVICENT HEALTH, INC., | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER ON JOINT MOTION FOR PROTECTIVE ORDER

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL PARAGRAPH TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE CONSENT ORDER SUBMITTED TO THE COURT.**

Before the Court is the Parties' Consent Motion for Entry of Confidentiality and Protective Order [Doc. 28]. The Motion is hereby **GRANTED,** and the production of confidential information shall proceed as follows:

Plaintiff Barbara Walker ("Plaintiff") and Defendants Health Services of Central Georgia, Inc. and Navicent Health, Inc. (collectively, "Defendants") having agreed to the entry of a protective order for the purpose of protecting the confidentiality of information or records which Plaintiff or Defendants contend is/are confidential and proprietary business or personal information pursuant to Fed. R. Civ. P. 26, and, for

1

other good cause shown, it is hereby **ORDERED** that the following terms shall be adhered to by the parties in this matter:

1. The parties acknowledge that they may produce documents and information or records solely because it is the subject of a request for production of documents in the above-captioned litigation (the "Litigation"), and they may exchange additional confidential documents, and thus agree that all information or records exchanged between them will be used only for purposes of this particular Litigation and for no other purpose. The parties acknowledge that they may produce in this Litigation, for purposes of inspection and copying, certain information or records which the parties and their counsel believe in good faith to be confidential and proprietary information, and which are referred to hereinafter as "Confidential Information." The counsel producing the Confidential Information ("Producing Counsel") shall have the information marked, labeled, or stamped "Confidential" prior to production. Under no circumstances shall the attorney who receives the Confidential Information ("Receiving Counsel") or anyone to whom the Receiving Counsel provides the Confidential Information redact, obscure, or remove the confidentiality legend or any part of it.

2. The Receiving Counsel shall have access to and may use the Confidential Information for the purpose of the Litigation only. The Receiving Counsel may disclose the Confidential Information to their respective co-counsel, paralegals, clerical, and support staff personnel directly and regularly employed by or under contract with counsel for any of these parties in connection with this Litigation,

to the extent that such disclosure is reasonably necessary for the prosecution or defense of this case; provided, however, that the Receiving Counsel for each party shall remain responsible for any unauthorized disclosure by that counsel, that counsel's client, or that counsel's own staff. In addition, prior to disclosure of the Confidential Information, the Receiving Counsel shall advise any such persons to whom the Confidential Information is disclosed that said information is subject to protection under this Order and should not be disclosed by them.

3.   The Receiving Counsel may disclose any information designated "Confidential" to his or her client, persons Counsel reasonably expects to be witnesses, experts, consultants, officers, and regular or contract employees of any party, to the extent that such disclosure is reasonably necessary for the prosecution or defense of this Litigation; provided, however, that Receiving Counsel advise all such persons that the information is confidential and subject to this Confidentiality Agreement and that all such persons shall execute a copy of the Agreement of Confidentiality attached hereto as Exhibit A. Receiving Counsel shall provide Producing Counsel a copy of any executed Agreements of Confidentiality.

4.   Any information designated as "Confidential" may be used at any deposition, including those of persons or entities who are not parties to this Litigation. No non-party deponent shall be permitted to retain the Confidential Information.

5.   Information inadvertently disclosed without being designated "Confidential" may thereafter be designated "Confidential" by promptly notifying

the Receiving Counsel in writing that such information is Confidential Information. After notifying the Receiving Counsel, the Producing Counsel shall reproduce and mark as "Confidential" the Confidential Information.

6. If any party believes that Confidential Information has been improperly designated as "Confidential" and seeks to challenge that designation, it shall first confer with the Producing Counsel to resolve the dispute without the intervention of the Court. If it is not possible to resolve the dispute, the party seeking to have the confidential designation removed shall make a motion before the Court. The failure to seek to remove the confidential designation shall not be construed as a concession that the information is confidential but under no circumstances may a party or other person unilaterally decide not to treat information designated as Confidential as non-confidential or otherwise handle the Information under terms outside of this Confidentiality Agreement and Protective Order.

7. If the Producing Counsel realizes that it has inadvertently produced a document it considers to be covered by the attorney-client privilege, work product immunity, or other applicable privilege or immunity, it may contact the Receiving Counsel and notify it of such inadvertent production. Such inadvertent disclosure shall not constitute a waiver of privilege or immunity if the Producing Counsel: (1) notifies the Receiving Counsel in writing of the delivery of inadvertently produced documents; and (2) identifies the produced documents by either bates stamp number designation, or by the date(s) of the document(s), the name(s) of its

author(s) and the name(s) of each person to whom the document(s) were addressed.

8. In the event Receiving Counsel or Producing Counsel intends to attach to any public filing or use in a deposition transcript or other recording hearing the Confidential Information relating to Defendants' confidential and proprietary fair market valuation analyses, the Producing Counsel shall have three (3) business days to seek to have the designated information and any related transcript or hearing excerpt sealed.

9. Upon the final resolution of this Litigation by entry of a final and non- appealable judgment, all experts or other persons in possession of the Confidential Information provided to them by the Receiving Counsel shall return or destroy such Confidential Information within thirty (30) days. Within forty (40) days of the final resolution of this Litigation by the entry of a final and non-appealable judgment, the Receiving Counsel shall return or destroy all copies of any Confidential Information and, upon request, supply a certification to the Producing Counsel that such Confidential Information has been returned or destroyed. The Receiving Counsel shall be responsible for thereafter maintaining the confidentiality of the Confidential Information despite termination of this Litigation.

10. Except as provided for herein, neither the Receiving Counsel, nor any person, firm, or corporation to whom the Receiving Counsel has disclosed the Confidential Information may disclose the Confidential Information to anyone, other than the Court. In no event shall persons to whom the Confidential Information is made available be permitted to summarize or otherwise retain custody or make

copies of such materials except as otherwise permitted in this Consent Order of Confidentiality.

11. If the Receiving Party or Receiving Counsel receives a subpoena, discovery request or other demand for Confidential Information disclosed in this Litigation, the party receiving the subpoena, discovery request or other demand for Confidential Information shall (1) notify the party who produced the Confidential Information as soon as practicable that it has received a demand for the information; (2) take the steps reasonably necessary to preserve the confidentiality of the Confidential Information; and (3) reasonably cooperate with the Producing Party if it seeks a protective order or other limitation by the court on disclosure of the Confidential Information. Under no circumstances shall the party receiving the request release any Confidential Information without prior written notice to the Producing Party or the order of a court of competent jurisdiction or the time period for the Producing Party to seek a protective or other appropriate order has expired.

12. Confidential Information may be used at any pretrial hearing or conference, mediation, trial or other hearing in this action, subject to Paragraph 8 of this Agreement and any further protective order that the Court may enter.

**ADDED BY THE COURT**

The Court finds that good cause exists for the entry of this order with the following condition.  Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public

6

disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

SO ORDERED this 8th day of December, 2015.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

**EXHIBIT A**

**<u>AGREEMENT OF CONFIDENTIALITY</u>**

I acknowledge that information is to be made available to me that has been designated as proprietary or confidential, and that such information is provided to me solely for the purposes of assisting counsel of record or giving testimony in the case styled: *Barbara Walker v. Health Services of Central Georgia, Inc. and Navicent Health, Inc.*, District Court for the Middle District of Georgia, Macon Division; Civil Action File 5:15-cv-00057-CAR.

I understand that I am prohibited by a Court Order from employing such information for any other purpose and from disseminating such information to any individual who is not equally bound with respect to the use of the information.

I understand that any documents or other things that I receive, which are designated as confidential information, are to remain in my personal custody until such information is no longer needed for the prosecution or defense of this case. I shall destroy all such documents or things (and confirm such destruction to the counsel who provided them) or return them to the counsel who provided me with them. I have read the Confidentiality Agreement and Consent Protective Order entered by the Court and agree to be bound by its terms to the extent applicable.

I understand that any violation of confidentiality under this Agreement may be punishable as contempt of court.

Dated this ___ day of _____, 20 ___.

_____
Print Name

_____
Signature